LOURIE, Circuit Judge,
with whom RADER, Chief Judge, NEWMAN, LINN, MOORE, and O’MALLEY, Circuit Judges,
join, concurring in the denial of the petition for rehearing en banc.
I concur in the court’s denial of the petition for rehearing en banc. Respectfully, this case is not, as the dissent states, about whether a patent’s claim scope can encompass under the doctrine of equivalents a new and separately patented invention. It is about whether the burden of proving infringement, when the accused subject matter is separately patented, should be raised to the higher clear and convincing standard rather than the well-established preponderance of the evidence standard. That is the issue argued to this court, and that is the issue decided by this court. Siemens Med. Solutions USA, Inc. v. Saint-Gobain Ceramics & Plastics, Inc., 637 F.3d 1269, 1283 (Fed.Cir.2011).
The dissent seeks to challenge well-established law, viz., that a patent can cover, or dominate, separately patented subject matter. As we have long recognized, how *1375 ever, each patent grants only a right to exclude:
A patent is not the grant of a right to make or use or sell. It does not, directly or indirectly, imply any such right. It grants only the right to exclude others. The supposition that a right to make is created by the patent grant is obviously inconsistent with the established distinctions between generic and specific patents, and with the well-known fact that a very considerable portion of the patents granted are in a field covered by a former relatively generic or basic patent, are tributary to such earlier patent, and cannot be practiced unless by license thereunder.
Atlas Powder Co. v. E.I. du Pont De Nemours & Co., 750 F.2d 1569, 1580-81 (Fed. Cir.1984) (quoting Herman v. Youngstown Car Mfg. Co., 191 F. 579, 584-85 (6th Cir.1911)); see also 35 U.S.C. § 154(a)(1) (2006); Sanitary Refrigerator Co. v. Winters, 280 U.S. 30, 43, 50 S.Ct. 9, 74 L.Ed. 147 (1929).
In this case, the district court explicitly instructed the jury in accordance with this basic tenet, Siemens, 637 F.3d at 1276-77, and the jury found by a preponderance of the evidence that Siemens’ asserted patent covering PET scanners containing LSO crystals was infringed under the doctrine of equivalents by PET scanners containing Saint-Gobain’s 10% Y LYSO crystals. Significantly, the district court’s instructions expressly permitted the jury to consider in its infringement analysis the fact that Saint-Gobain obtained a license to a separate, later-issued patent covering, inter alia, 10% Y LYSO. Id. The jury was aware of the later-issued patent, id., as well as its presumption of validity, id. at 1284.
Thus, under the proper burden of proof, and in view of the separate patent licensed by SainNGobain, the jury found that Siemens’ patent, in effect a dominant patent, was infringed by the accused products. Contrary to the dissent’s assertion that our decision “will deter innovation and hamper legitimate competition,” this case exemplifies the patent system working as it should to enforce a patentee’s right to exclude — the only right embodied in the grant of a patent.
SainUGobain sensibly acquiesced in the fundamental principle that a patent does not grant a right to practice free from infringement liability. Instead, this case is about Saint-Gobain’s disagreement with a jury instruction that infringement under the doctrine of equivalents may be proved by a preponderance of the evidence when the accused product is covered by a later patent. Id. at 1278. Whatever the merits of the significantly broader issue that the dissent may wish to confront, this case does not present that issue.
The court was therefore correct in declining to take this case en banc.